# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DONALD ROBINSON**  **PLAINTIFF**
**ADC #92239**

v.  No: 2:23-cv-00138-DPM-PSH

**TYRONE D. ALLISON,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Donald Robinson filed a *pro se* complaint on June 22, 2023, while incarcerated at the Arkansas Division of Correction's (ADC) East Arkansas Regional Unit (Doc. No. 1). The Court subsequently granted Robinson's application to proceed *in forma pauperis* and directed him to file an amended complaint (Doc. No. 5). In his amended complaint, Robinson alleged that he was raped by another

inmate on June 12, 2023, and defendants Tyrone D. Allison, Lieutenant Leavy Watson III, Lieutenant M. Kelly, and Lieutenant King (the "Defendants") knew he had been raped but failed to obtain medical treatment for him, delaying his treatment for six to seven days. *Id.* at 5-6. After screening Robinson's amended complaint, the Court allowed Robinson's Eighth Amendment medical treatment claims against the Defendants in their individual capacities to proceed. *See* Doc. Nos. 9 & 11. His remaining claims were dismissed. *See* Doc. No. 11.

Before the Court is a motion for summary judgment, a brief in support, and a statement of facts (Doc. Nos. 20-22) filed by the Defendants, claiming that Robinson did not exhaust available administrative remedies with respect to his claims against him before he filed this lawsuit. The Court notified Robinson of his opportunity to file a response and separate statement of disputed facts, but he did not do so. *See* Doc. No. 23. Because Robinson failed to controvert the facts set forth in the Defendants' statement of facts, Doc. No. 22, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described below, the Defendants' motion for summary judgment should be granted.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude

summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

The Defendants argue that they are entitled to summary judgment on Robinson's claims because he failed to exhaust all available administrative remedies before he filed this lawsuit. *See* Doc. No. 21. In support of their motion, the Defendants submitted: the ADC's grievance policy (Doc. No. 22-1) and the declaration of Terri Grigsby Brown, the ADC's Inmate Grievance Coordinator (Doc. No. 22-2).

#### A.   *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance

procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 22-1 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form (Attachment I) within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 5. Only one problem or issue may be grieved per grievance form. *Id.* An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6. A problem solver or staff member holding the rank of sergeant or above can collect the grievance and return the yellow and pink copies of the grievance to the inmate as receipts. *Id.* at 7. The problem solver or staff member investigates the complaint, and may attempt to resolve the complaint by meeting with the inmate or taking certain other steps, but ultimately must provide a written response at the bottom of the form. *Id.* at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two

of the grievance procedure and submit either the pink or yellow copy of his Unit Level Grievance Form as a formal grievance. *Id.* at 8. The inmate retains either the pink or yellow copy, whichever he did not submit for Step Two. *Id.* at 9. If a formal grievance is medical in nature, it is assigned a code and forwarded to the appropriate medical personnel for response. *Id.* at 10.

The inmate should receive a Response to the Unit Level Grievance Form (Attachment III or IV depending on whether the grievance is medical in nature), or an Acknowledgement or Rejection of Unit Level Grievance (Attachment II). *Id.* at 10-11. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can then appeal to the Deputy Director. *Id.* at 12. An inmate's appeal must be written in the space provided on the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgment or Rejection of Unit Level Grievance (Attachment II). *Id.* at 12. The inmate must include the original Unit Level Grievance Form (Attachment I) and either the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgement or Rejection of the Unit Level Grievance (Attachment II) with his appeal. *Id.* If an inmate fails to submit either of the two pages with his appeal, the appeal may be returned to the inmate as rejected. *Id.* Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days

absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

### B.    *Robinson's Failure to Exhaust Administrative Remedies*

In her declaration, Inmate Grievance Coordinator Brown stated that she reviewed Robinson's grievance history and found no grievances relating to his complaint allegations that the Defendants failed to provide medical treatment after he was raped on June 12, 2023. Doc. No. 22-1 at 4, ¶¶ 26-27. According to the grievance history attached to Brown's declaration, Robinson filed no grievances between June 12, 2023 (the day he was allegedly raped), and June 22, 2023 (the day he initiated this lawsuit). *Id.* at 6. That history also shows that Robinson submitted EAM23-01213 concerning inmate property claims on July 19, 2023, but did not appeal that grievance.[1] Robinson has not disputed the facts asserted by Brown.

The Court finds Robinson failed to exhaust his administrative remedies with respect to his claims in this case for two reasons. First, there is no record of any written grievance or request from Robinson alleging that the Defendants failed to

---

[1] The Eighth Circuit Court of Appeals has made it clear that a prisoner's remedies are not exhausted unless the inmate pursues the grievance to its final stages ***and*** receives an adverse decision on the merits. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012); *Guinther v. Barker*, No. 5:19-CV-00110-BRW-PSH, 2020 WL 4983283, at *8 (E.D. Ark. Aug. 3, 2020), *report and recommendation adopted,* No. 5:19-CV-00110-BRW-PSH, 2020 WL 5005417 (E.D. Ark. Aug. 24, 2020).

obtain medical treatment for him following a June 12, 2023 rape. Second, Robinson acknowledges in his amended complaint that he failed to exhaust administrative remedies. Doc. No. 6-1 at 4. He stated, "the Unit Grievance Supervisor & ADC Grievance Coordinator and ADC Deputy Director isn't allowing plaintiff to proceed Step Two of the grievance process to allow Plaintiff the opportunity to exhaust his administrative state remedies. ADC won't process the grievance." *Id.* Despite this allegation, Robinson has come forward with no proof that he attempted to grieve the Defendants' actions, but was prevented from doing so.[2] The record shows that Robinson was able to submit grievances because he did so on July 19, 2023 (and received an answer). Moreover, even if Robinson had grieved the Defendants' actions after the alleged rape on June 12, 2023, he could not have completed the grievance process before he initiated this lawsuit just 10 days later, on June 22, 2023.

In sum, because Robinson did not grieve his complaint allegations and has not shown that he was unable to do so, the Defendants are entitled to summary judgment.

---

[2] *See East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021) (holding that an inmate need only exhaust *available* administrative remedies). "Administrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016)). Administrative remedies may also be unavailable if prison officials prevent inmates from utilizing the grievance procedures or fail to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).

## IV. Conclusion

The evidence shows that Robinson did not properly exhaust his administrative remedies with respect to the claims he asserts in this lawsuit. Accordingly, the undersigned recommends that the Defendants' motion for summary judgment (Doc. No. 20) be granted and Robinson's claims against the Defendants be dismissed without prejudice for failure to exhaust available administrative remedies.

DATED this 15th day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE